UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
GEORGE KERSEY, et al.,            )
                                  )
         Plaintiffs,              )
     v.                           )   CIVIL ACTION
                                  )   NO.  15-14186-GAO
PRUDENTIAL INSURANCE              )
AGENCY, LLC., et al.,             )
                                  )
         Defendants.              )
```

# MEMORANDUM OF DECISION AND ORDER ON
# PLAINTIFFS' MOTION TO STRIKE AND FOR DEFAULT JUDGMENT

September 26, 2016

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on Plaintiff's Motion for Default Judgment as to Prudential Insurance Company of America (Docket No. 28), Plaintiff's Motion to Strike Alleged Answer of Defendant Prudential Insurance Agency, LLC and Motion for Default Judgment (Docket No. 29), and Plaintiffs' Opposition to Alleged Answer of Defendant Prudential Insurance Agency, LLC and Motion for Default Judgment (Docket No. 30).  For the reasons detailed herein, these motions are DENIED.

## II.  ANALYSIS

After much procedural motion practice, the plaintiffs, George Kersey, Paul Fraser, and Deborah Fraser, have brought suit against Prudential Insurance Agency, LLC, a/k/a Prudential, and Prudential Insurance Company of America, a/k/a Prudential.  Unless otherwise noted, they

will collectively be referred to as the Prudential Defendants.  On August 9, 2016, the Prudential Defendants filed a Motion to Dismiss the complaint against them in its entirety.  (Docket No. 24).  The plaintiffs have moved to strike this Motion to Dismiss and to have a default judgment entered against the Prudential Defendants.[1]  There is no merit to the plaintiffs' motions.

As an initial matter, plaintiff Kersey contends that because he was permitted by this court to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 the defendants are precluded from filing a motion to dismiss pursuant to Fed. R. Civ. P. 12.  There is no such limitation in the statute.  See 28 U.S.C. § 1915(e)(2)(B)(ii) ("court shall dismiss the case <u>at any time</u> if the court determines that" the action "fails to state a claim on which relief may be granted") (emphasis added).  It is well-established "that the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring."  Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007), and cases cited.

Kersey further contends that the Prudential Defendants' Motion to Dismiss was not timely.  This argument is not supported by the record.  On July 27, 2016, before their responses to the complaint were due, both of the Prudential Defendants filed an assented to motion to extend the time "until August 9, 2016, to respond to the plaintiffs' complaint."  (Docket No. 19).  This motion was allowed by the court on July 29, 2016, again before a responsive pleading was due. (Docket No. 21).  Kersey objects to this extension on the grounds that he allegedly did not

---

[1] This court will treat the motions for entry of a default judgment as a motion for entry of default pursuant to Fed. R. Civ. P. 55(a).  No default judgment can be entered pursuant to Fed. R. Civ. P. 55(b) until a default has been entered under Rule 55(a).  See Wright, Miller & Kane, 10A Federal Practice & Procedure Civil § 2682 (4th ed.) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").  As detailed herein, the plaintiffs are not entitled to the entry of default under Rule 55(a).

consent to the filing of a motion to dismiss, only to the filing of the answer.  This fact is in dispute, but this court finds it irrelevant.

As an initial matter, at the hearing on July 25, 2016 in Civil Action No. 14- 14161-GAO (the "2014 Litigation") referenced in the motion for extension (Docket No. 19), it was clear that the Prudential Defendants intended to file a motion in this case raising, at a minimum, a challenge to the complaint on the grounds that it is duplicative of the 2014 Litigation.  Kersey did not object at the hearing to the filing of such a pleading.  In any event, the Prudential Defendants would have been entitled to the brief (1 week) extension of time that they were requesting.  The defendants have not been at all dilatory in responding to the numerous motions filed by the plaintiffs either in this case or in the 2014 Litigation.

On August 9, 2016, the defendants filed a pleading entitled "Motion to Dismiss by Defendants Prudential Insurance Agency, LLC and The Prudential Insurance Company of America." (Docket No. 24).  This is the motion that Kersey is seeking to strike, and the motion is still pending before the court.  In addition to its heading, the fact that this motion was filed on behalf of both defendants is clearly stated throughout the motion, as well as on the docket sheet.  Nevertheless, Kersey contends that it was not filed on behalf of The Prudential Insurance Company of America.  This argument is frivolous.

Unfortunately, in the signature line of the motion, counsel for both Prudential Defendants identified himself only as "One of the Attorneys for Defendant Prudential Insurance Agency, LLC" and omitted the reference to being counsel for "The Prudential Insurance Company of America." (Docket No. 24).  In the supporting memorandum, however, counsel is correctly identified as "One of the Attorneys for Defendants Prudential Insurance Agency, LLC

[3]

and The Prudential Insurance Company of America." (Docket No. 25).  Given the clear language of the motion, both in its heading and throughout the text, as well as the language of the supporting memorandum, it is clear that the Motion to Dismiss was filed on behalf of both of the Prudential Defendants.[2]

Kersey also contends that a motion under Fed. R. Civ. P. 12 is not an appropriate response to the complaint.  Rather, he contends, the Prudential Defendants were limited to filing an answer.  This argument is also frivolous.  A motion to dismiss under Rule 12(b) must be filed before the responsive pleading is due.  Fed R. Civ. P. 12(b).  Moreover, the filing of such a motion to dismiss postpones the time in which an answer is due until 14 days after the motion to dismiss is denied.  Fed. R. Civ. P. 12(a)(4).  It was entirely appropriate for the Prudential Defendants to file the motion to dismiss in response to the complaint.

## III.  ORDER

For all the reasons detailed herein, Plaintiff's Motion for Default Judgment as to Prudential Insurance Company of America (Docket No. 28), Plaintiff's Motion to Strike Alleged Answer of Defendant Prudential Insurance Agency, LLC and Motion for Default Judgment (Docket No. 29), and Plaintiffs' Opposition to Alleged Answer of Defendant Prudential Insurance Agency, LLC and Motion for Default Judgment (Docket No. 30) are DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[2] To avoid any future confusion, the Prudential Defendants have submitted a corrected motion package with a corrected signature block.  The Defendants have also explained that motions for *pro hac vice* will be filed for two additional attorneys.  Their presence, however, is not needed for the filing of the motion to dismiss, since the pleading was filed by counsel who has been admitted to this court.  In any event, while this court does not believe a corrected signature page is needed, the defendants are hereby authorized to file the corrected motion.  (Docket No. 31-1).